# In the United States Court of Federal Claims

No. 20-661C
(Filed October 5, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
PDS CONSULTANTS, INC.,           *
                                 *
              Plaintiff,         *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record during the September 14, 2020 status conference, *see* ECF No. 28, the government's motion to dismiss this case is **DENIED** and its motion for judgment on the administrative record is **GRANTED**; and the plaintiff's motion for judgment on the administrative record is **DENIED**.† In brief, this matter was brought as a pre-award bid protest by plaintiff PDS Consultants, Inc. (PDS), the incumbent contractor providing eyeglass fabrication services for customers of the Department of Veterans Affairs (VA) care sites located in the state of Ohio. Plaintiff challenges the decision to shift this work, upon the expiration of its contract, to a VA Optical Lab located in Indianapolis.

The government argued that the matter did not involve a procurement decision within our jurisdiction, relying on cases in which federal agencies chose to use resources or products which they already owned, such as *AgustaWestland North America, Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018), and *VFA, Inc. v. United States*, 118 Fed. Cl. 735, 741–42 (2014). But the agency decisions in those cases did not involve the consideration of goods or services available from the

---

† The Court also **GRANTED** the government's motion to supplement the administrative record. *See* ECF No. 28 at 21:2–7.

- 2 -

private sector, unlike *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1345–46 (Fed. Cir. 2008), and the various insourcing cases which our court has decided, *see, e.g.*, *Mail Transportation, Inc. v. United States*, 133 Fed. Cl. 413, 415 (2017); *Elmendorf Support Servs. JV v. United States*, 105 Fed. Cl. 203, 208 (2012). An agency decision to cease procuring goods and services from private contractors and to use instead its own employees and resources necessarily involves "the process for determining a need for property or services" from the private sector, *Distributed Sols.*, 539 F.3d at 1346 (quoting what is now 41 U.S.C. § 111), and may properly be challenged in a bid protest with "[a] non-frivolous allegation of a statutory or regulatory violation in connection with" the decision, *id.* at 1345 n.1.

Here, PDS alleges that the decision of the VA to use the Optical Lab instead of a private contractor is tantamount to the award of a contract, and must be predicated by the "Rule of Two" analysis required by the Veterans Benefits, Health Care, and Information Technology Act of 2006, 38 U.S.C. § 8127(d) (Veterans Benefits Act). *See* Compl. ¶¶ 39–44. While not frivolous, this contention is mistaken. The Veterans Benefits Act is not an outsourcing statute requiring the use of contracts, but by its terms applies only when a VA contracting officer is making a contract award. *See* 38 U.S.C. § 8127(d). The record, however, does not show any involvement of a contracting officer or the use of a contract in the decision to shift the work to the Optical Lab or in the expected implementation of that decision. And the Court is not persuaded that the term "contracting determinations," employed by the Supreme Court in *Kingdomware Technologies, Inc. v. United States,* 136 S. Ct. 1969, 1976 (2016), means anything broader than decisions to award a contract to nonfederal sources of goods or services. While a decision not to procure might be enough to implicate our jurisdiction over a bid protest, a decision not to award any contract cannot implicate the Veterans Benefits Act provision relied upon by PDS. Thus, the government is correct on the merits of this protest.

For these reasons, and as more fully explained on the record at the September 14, 2020 status conference, the government's motion to dismiss the case is **DENIED**, the plaintiff's motion for judgment is **DENIED**, and the government's motion for judgment is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge